IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Travis Scott McCall, Sr., | ) | Case No. 8:25-cv-13452-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Scotty Bodiford, *GCDC*, | ) | |
| | ) | |
| Respondent. | ) | |

This Court issued an Order on January 5, 2026, accepting the Report and Recommendation ("Report") of the Magistrate Judge and dismissing the case without requiring Respondent to file an answer or return. [Doc. 14; *see* Doc. 11.] The Court's docket indicated that Petitioner's objections to the Report were due by December 19, 2025, with three additional days added if the Report was served by mail or if the additional days were otherwise allowed under Rule 6 of the Federal Rules of Civil Procedure or Rule 45 of the Federal Rules of Criminal Procedure. [Doc. 11.] The Court issued its Order on January 5, 2026, accepting the Report and stating that Petitioner had filed no objections to the Report. [Doc. 14.]

On January 12, 2026, the Clerk docketed a notice of appeal from Petitioner in which Petitioner indicates that he intends to argue, among other things, that he filed timely objections to the Report. [Doc. 17.] Then, on January 14, 2026, the Clerk docketed Petitioner's objections to the Report. [Doc. 20.] The envelope in which the objections were mailed bears a postmark of December 19, 2025, although it is marked as not having been received by the Clerk until January 14, 2026. [Doc. 20-1.] Accordingly, the Court deems the objections to be timely filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988)

(holding that under the "prisoner mailbox rule," an inmate's notice of appeal is deemed "filed" on the date it was delivered to prison officials for mailing, not the date it is received by the court); *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022) (applying the mailbox rule to objections to a report and recommendation).

Nonetheless, in light of Petitioner's appeal, the Court typically would be deprived of jurisdiction to address the objections to the Report. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, because the objections were timely filed under the mailbox rule, the Court now issues an order ruling on those objections pursuant to Rule 62.1 of the Federal Rules of Civil Procedure.[*] *See Steward v. Napoli, Auburn Corr. Facility*, No. 24-CV-5758 (RA), 2026 WL 18697 (S.D.N.Y. Jan. 2, 2026) (issuing an order pursuant to Rule 62.1 addressing the petitioner's objections and affirming the court's initial decision to adopt the magistrate judge's report and recommendation when the petitioner filed a notice of appeal from the district court's adoption of the magistrate judge's report and recommendation recommending dismissal of the petition and the petitioner's objections to the report and recommendation were subsequently docketed).

---

[*] Rule 62.1(a) of the Federal Rules of Civil Procedure provides:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Petitioner's objections largely do not engage the Magistrate Judge's analysis. Nevertheless, out of an abundance of caution for the pro se Petitioner, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court concludes that it would not alter its ruling accepting the Report and summarily dismissing the Petition. That is so because, for the reasons explained in the Report, Petitioner's claims are not properly before this Court because he has failed to exhaust his state court remedies and his action is also subject to dismissal under *Younger v. Harris*, 401 U.S. 37 (1971). [Doc. 11 at 5–8.] Accordingly, Petitioner's objections to the Report [Doc. 20] are OVERRULED.

## **CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    IT IS SO ORDERED.

                                        <u>s/ Jacquelyn D. Austin</u>
                                        United States District Judge

January 20, 2026
Greenville, South Carolina